BOSTIC *v.* UNITED STATES

No. 5250.   Argued April 21, 1971—Decided May 24, 1971

*Thomas C. Binkley* argued the cause for petitioner. With him on the brief was *Philip M. Carden.*

*Beatrice Rosenberg* argued the cause for the United States.   With her on the brief were *Solicitor General Griswold, Assistant Attorney General Wilson,* and *Jerome M. Feit.*

PER CURIAM.

We granted the writ of certiorari in this case [1] to consider whether the Court of Appeals for the Sixth Circuit had erred in holding that the petitioner had properly been convicted of conspiracy to commit murder in order to avoid apprehension for the robbery of a federally insured bank.   The Court of Appeals purported to uphold a conviction for this offense, though there was no evidence that the petitioner knew of the plan to commit murder, and he had been confined in prison for several months prior to the date the murder was committed. [2]   The

---

[1] 400 U. S. 991.

[2] 424 F. 2d 951.   The opinion recites that the conspiracy count on which the petitioner was convicted "alleged a conspiracy to rob federally insured banks with dangerous weapons and to commit murder to avoid apprehension for same."   424 F. 2d, at 953.   The

memorandum for the United States in opposition to the granting of the writ urged that the petitioner was "responsible for the actions of his co-conspirators in killing one member of the group," and as to this issue, relied on the opinion of the Court of Appeals.

It now appears that these statements in the opinion of the Court of Appeals and in the memorandum of the United States were erroneous, and that the facts are not as we believed them to be at the time we granted the writ. The record shows that the petitioner was neither charged with nor convicted of the offense of conspiracy to commit murder. The conspiracy count on which the petitioner was convicted did not include any charge of conspiracy to murder. Indeed, in his closing argument to the jury the prosecutor stated that the petitioner had left the conspiracy prior to the murder, when he was returned to the penitentiary.

Inasmuch as our grant of the writ of certiorari in this case was predicated on the mistaken representation that the petitioner had been convicted of the offense of conspiracy to commit murder, we now dismiss the writ as improvidently granted.

*It is so ordered.*

---

court went on to say, "As to Bostic, although he had been returned to the penitentiary sometime before Ferguson's murder, there is no evidence that he had renounced or withdrawn from the conspiracy." 424 F. 2d, at 964.